## ILLINOIS CENT. R. CO. v. HORACE TURNER CORPORATION.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1925.)

No. 4488.

1. **Carriers ⊝⊃105(2)—Special damages for delayed shipment recoverable, where carrier notified that circumstances require prompt delivery.**

Where carrier is notified in advance that circumstances require prompt delivery, special damages may be recovered by shipper for unreasonable delay.

2. **Pleading ⊝⊃64(2)—Complaint in action for damages for delay in shipment held not demurrable.**

Complaint in action against railroad for special damages for unreasonable delay in shipment of coal *held* not demurrable, on ground that each bill of lading evidenced a separate contract and should have been made the subject of a separate count.

3. *Appeal and error* ⊝⊃1052(5)—*Admission of evidence in action against carrier for unreasonable delay in shipment, if error, held harmless.*

In action against carrier for unreasonable delay in shipment of coal for export, evidence as to delay of certain cars, billed as bunker coal to avoid confiscation, *held*, if error, harmless, in view of remittitur for amount of verdict covering such cars.

4. **Evidence ⊝⊃514(3)—Evidence held properly admitted in action against carrier for delay in shipment.**

In action for unreasonable delay in shipment of coal, testimony of experienced railroad men as to what, in their opinion, was a reasonable time for transportation, *held* properly admitted over objection that it was irrelevant and opinion testimony.

5. **Appeal and error ⊝⊃880(1), 977(1)—Error cannot be predicated on grant or refusal of new trial, though granted to one defendant and not to another.**

Error cannot be predicated on grant or refusal of new trial, which is within sound discretion of trial court, and one defendant may not complain that it is denied a new trial, which is granted to its codefendant; rights as between them not being affected.

In Error to the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Action by the Horace Turner Corporation against the Illinois Central Railroad Company and another. Judgment for plaintiff, and the named defendant brings error. Affirmed.

David B. Goode, of Mobile, Ala. (Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, Ala., on the brief), for plaintiff in error.

Wm. B. Inge, of Mobile, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This suit was commenced by the defendant in error, hereafter referred to as plaintiff, in the circuit court of Mobile county, against the Illinois Central Railroad Company, plaintiff in error, hereafter referred to as defendant, and the Mobile & Ohio Railroad Company, to recover damages in the sum of $5,000 for unreasonable delay in the delivery of 28 cars of coal, shipped from points in Kentucky to Mobile, Ala., and was removed to the District Court for the Southern District of Alabama.

The complaint is in three counts, in the Alabama Code form, of which only the third count is material. The material part of the third count is as follows:

"The plaintiff claims of the defendants the sum of five thousand dollars ($5,000.00) damages for the failure to deliver within a reasonable time certain goods, viz. twenty-eight (28) cars of coal received by defendants as common carriers in another state than Alabama, to be delivered for the benefit of plaintiff at Mobile, Alabama, for a reward, which were not delivered within a reasonable time, and plaintiff avers that it notified defendants before the bills of lading under which defendants received said coal were issued that a ship was in Mobile, awaiting the arrival and shipment of said coal for export, and requested prompt delivery, stating that otherwise heavy damages would ensue, and plaintiff avers that had the defendants not delayed the delivery an unreasonable time the said coal would have been delivered in time to have been loaded on ship, but as said coal was not delivered in a reasonable time, and in order to avoid heavy demurrage of said ship, aggregating approximately twenty-nine hundred and twenty-three and sixty-eight hundredths dollars ($2,923.68) a day, the ship cleared before said coal was delivered, and as a natural and proximate consequence of the failure of defendants and their connecting carriers to deliver said coal within a reasonable time, and to minimize damage, plaintiff was required to and did purchase other coal at increased price to make up the said ship's cargo, and further plaintiff was required to and did sustain a heavy loss in car demurrage and otherwise in effecting a disposition of said coal unreasonably delayed, to plaintiff's damage as aforesaid."

Demurrers and pleas to the complaint were overruled, and the case went to trial. A motion of defendants for a directed verdict

was overruled, and a verdict was returned for plaintiff in the sum of $3,676.50. Plaintiff entered a remittitur of $1,129.43, and a new trial was refused as to the Illinois Central and granted as to the Mobile & Ohio Railroad.

The theory of the defense was that there was no unreasonable delay, considering the congestion of traffic, and also that plaintiff had compromised the claim for $4,147.88 before the action was commenced. There are 37 assignments of error. Error is assigned to the overruling of the demurrers to the complaint, and to the refusal of the court to direct a verdict and to give a number of special charges which it would be useless to set out in full, all of which may be considered together. [1] The rule is well settled that, where the carrier is notified in advance that circumstances require prompt delivery, special damages may be recovered by the shipper for unreasonable delay. Hutchinson on Carriers (3d Ed.) par. 1367. Plaintiff abandoned his claim as to 13 cars, and there was evidence before the jury tending to prove the material allegations of the third count as to the remainder. The judge charged the jury clearly and fairly on the issues raised and the law applicable to the case, and no exception was taken to the general charge.

[2] The only ground of demurrer that might have been considered by the court was that each bill of lading evidenced a separate contract, and on this it was contended that each of them should have been the subject of a separate count. There was no merit in this contention. The demurrers were properly overruled, and it was not error to deny the request for a directed verdict, nor to refuse to give the special charges requested, as they were either covered by the general charge or inapplicable to the facts shown.

[3] There was also evidence before the jury tending to show that, in the course of the correspondence between the plaintiff and defendants, plaintiff was advised that the coal being shipped for export would probably be confiscated, owing to the necessities of the Illinois Central Railroad, caused by a strike in the Illinois coal field, but that bunker coal would not be confiscated. Plaintiff had chartered the steamship West Cressy to transport the cargo of coal to Holland, but conceived the idea of having some of the coal consigned to the steamship Lakeville as bunker coal, in the hope that it would be delivered promptly, which hope proved to be in vain. Error is assigned to the admission of evidence tending to prove the unreasonable delay of these 4 cars. If it was error to admit this evidence, upon which point it is unnecessary to pass, it was cured by the remittitur entered, which was for the amount recovered on this part of the shipment.

[4] Error is assigned to the admission of certain testimony tending to show that a reasonable time for the delivery of coal from the points in Kentucky where shipped to Mobile would be four or five days—six days at the most. The witnesses who so testified were experienced railroad men, and no objection was made to their competency; the ground of objection being that the testimony was irrelevant and opinion evidence. It was not error to admit this testimony under the circumstances of the case.

[5] Error is also assigned to the granting of the motion for a new trial on behalf of the Mobile & Ohio Railroad, while overruling the motion as to the Illinois Central. The granting or refusing of a new trial is within the sound discretion of the court, and error cannot be predicated thereon. If the Illinois Central has any rights against its codefendant, they are certainly not impaired by this action of the court, and it cannot complain of said action as between itself and plaintiff. We do not find any reversible error in the record.

Affirmed.